IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC FERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SEACO NATIONAL CORP. d/b/a SOUTHEAST PET, LLC and GREG A. JUDGE<br><br>    Defendants. | Civil Action No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Eric Fernandez, by and through his undersigned counsel and files this lawsuit against Defendants Seaco National Corp. d/b/a Southeast Pet ("Southeast") and Greg A. Judge ("Judge"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Eric Fernandez (hereinafter "Plaintiff" or "Mr. Fernandez") is a resident of Cobb County, Georgia (within this District).

6. Mr. Fernandez was employed by Defendant, Seaco National Corp. d/b/a Southeast Pet ("Southeast").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendants.

8. Defendant Seaco National Corp. d/b/a Southeast Pet is a domestic corporation with its principal place of business at 7775 The Bluffs, Suite H Austell, GA 30168. Defendant Seaco National Corp. can be served process to its registered agent and CFO, Paula Brennan, 7775 The Bluffs, Suite H Austell, GA 30168.

9. Defendant Greg Judge ("Judge") is a natural person, CEO of Seaco and a resident of Fulton County, Georgia. Judge exercised control over Seaco's business operations. Judge acted directly or indirectly on behalf of Seaco, and, at all times mentioned herein, was an "employer" or joint employer of Plaintiffs within the meaning of the FLSA. Defendant Judge may be served at his principal place of business at 140 Enclave Circle, Atlanta, GA, 30342.

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit were a private business entity and/ or corporate officer who manages employees, such as Plaintiff.  As such, Defendants are subject to the jurisdiction of this Court.  Defendants are employers as defined by § 203(d) of the FLSA and are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

11. Mr. Fernandez was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

12. Defendants were provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

### IV.  GENERAL ALLEGATIONS

13. Mr. Fernandez was employed by Defendants for approximately eight months as an Order Selector/Cherry Picker and Freezer Selector and was paid an hourly rate of $18.00 on a biweekly pay schedule. On or about January 25, 2021, Mr. Fernandez accepted a Freezer Selector position based on his supervisor's promise of a $5.00 increase in his hourly rate, which he never received.

14. Each week, Mr. Fernandez worked 40 hours, in addition to an average of 15 hours of overtime, totaling approximately 55 working hours each week.

15. When Mr. Fernandez began working for Southeast in August of 2020, the company misinformed him that he could not be paid overtime during his probationary period because during that time he was a "temporary 1099 employee."

16. For the first three months of his employment, during the so called "probationary period", Southeast failed to pay Mr. Fernandez the appropriate overtime (1.5 x the regular rate) rate for the hours he worked beyond 40 each week. Instead, Southeast only paid him the straight time rate for all of his overtime hours.

17. Southeast determined Mr. Fernandez's hourly rate, work schedule and pay schedule. Mr. Fernandez's full-time work schedule and overtime hours afforded him no time to perform services for other entities. Southeast provided Mr. Fernandez with a freezer suit, tools and supplies to perform his work, and closely supervised the manner of work performance.

18. Mr. Fernandez provided Southeast unskilled manual labor requiring no specialized education or training, other than the two hours of initial job training provided by Southeast.

19. For 13 weeks, Southeast deliberately misclassified Mr. Fernandez as an independent contractor to avoid paying him overtime, and for the subsequent 22 weeks failed to pay him at his promised rate of $23.00 per hour in the Freezer Selector position, which resulted in additional violations for inaccurate overtime calculations.

20. In total, Mr. Fernandez performed approximately 525 hours of overtime work that he was never compensated for. Since Mr. Fernandez worked an additional 15 hours each week, those overtime hours are compensable at the rate of 1.5 times his hourly rate $18.00 for the first 13 weeks and $23.00 for the remaining 22 weeks. Therefore, he is owed a total of $5,445 in unpaid overtime wages, in addition to the $4,400 in back pay owed for failure for him the $5.00 increase he was promised for accepting the Freezer Selector position.

21. Defendants' failure to pay Mr. Fernandez appropriately for the hours he worked violated the Fair Labor Standards Act.

22. Mr. Fernandez did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

23. Mr. Fernandez's work did not involve the performance of duties directly related to management or general business operations. To the extent that his work required any judgment at all, his judgment was limited to choices within set policies or guidelines.

24. Mr. Fernandez was paid an hourly non-exempt rate during the entire course of his employment, and regularly worked more than 40 hours a week.

25. Defendants deliberately avoided paying Mr. Fernandez's full compensation earned by refusing to pay his promised promotion rate, and by refusing to pay the legally required overtime pay.  This practice is illegal under the Fair Labor Standards Act.

## V. CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

26. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as if set forth herein and states:

27. FLSA requires that employers pay employees overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.  Accordingly, Mr. Fernandez is unequivocally entitled to full payment for overtime hours worked, and he does not qualify for any of the recognized exemptions from the protections of FLSA.

28. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing

to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

29. Plaintiff was not an exempt employee under FLSA.

30. Defendants deliberately avoided paying Mr. Fernandez's full compensation earned by refusing to pay his promised promotion rate, and by refusing to pay him the required overtime pay.

31. Defendants were aware that it could not lawfully deny Plaintiff his appropriately calculated overtime wages.

32. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

33. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

34. As a result of the unlawful acts of Defendants, Mr. Fernandez was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## BREACH OF CONTRACT

35. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as if set forth herein and states:

36. Defendants breached its employment contract with Plaintiff when, for the 22 weeks, Defendants failed to pay Plaintiff his promised rate of $23.00 per hour in the Freezer

Selector position, which resulted in additional FLSA violations for inaccurate overtime calculations.

## PRAYER FOR RELIEF

37. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

   a. All damages that may be awarded under FLSA, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

   b. Special damages;

   c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

   d. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

   e. Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

   f. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 25th day of January, 2022.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**